J-S65021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY BROWN, | |
| Appellant | No. 2873 EDA 2014 |

Appeal from the PCRA Order September 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003661-1998

BEFORE: BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 16, 2015**

Appellant, Anthony Brown, appeals from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the facts of this case as follows:

> [This matter] arose from an incident on September 7, 1998, when fifty-year-old Frances Rorie ("Rorie") was fatally shot by Appellant following a dispute between neighborhood children. Prior to a block party, grandchildren of Rorie and children of Appellant's sister got into an argument on the 600 block of Conestoga Street in the City and County of Philadelphia. The fight escalated as the mothers of the children became involved, and a short time later Appellant and three other men approached the block party with an Uzi. Appellant opened fire, and Frances Rorie was shot in the head.

PCRA Court Opinion, 3/16/15, at 4.

Following a jury trial, Appellant was convicted of first-degree murder, recklessly endangering another person ("REAP"), and possession of an instrument of a crime ("PIC"). On October 3, 2000, the trial court sentenced Appellant to serve a term of life imprisonment on the murder conviction. The trial court also imposed terms of incarceration of one to two years on the REAP and PIC convictions, which were to run concurrently to the life sentence. Appellant filed a timely post-sentence motion, which the trial court denied on October 23, 2000.

Appellant filed a timely direct appeal. On May 30, 2003, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Brown*, 3297 EDA 2000, 829 A.2d 353 (Pa. Super. 2003) (unpublished memorandum). Appellant did not seek further review with the Pennsylvania Supreme Court.

On April 19, 2004, Appellant filed a timely PCRA petition. The PCRA court denied relief on July 19, 2005. This Court affirmed the decision of the PCRA court on April 9, 2007, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 11, 2007. *Commonwealth v. Brown*, 2271 EDA 2005, 928 A.2d 1118 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 932 A.2d 74 (2007).

On March 15, 2012, Appellant filed the instant PCRA petition. The PCRA court appointed counsel, and an amended PCRA petition was filed. The PCRA court held an evidentiary hearing on September 15, 2014. On

September 24, 2014, the PCRA court dismissed Appellant's second PCRA petition as untimely filed. This appeal followed.

Appellant presents the following issue for our review:

I. Did the trial court err in holding that the affidavit of Shawn Sample executed on 3-13-12, which showed that [Appellant] was innocent of the homicide was not newly discovered evidence thereby denying [Appellant] a new trial?

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and may not be ignored in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Our review of the record reflects that the trial court imposed a sentence of life imprisonment on October 3, 2000. This Court affirmed Appellant's judgment of sentence on May 30, 2003. Appellant did not seek review in the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on June 30, 2003, thirty days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired.[2] 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant did not file the instant PCRA petition until March 15, 2012. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

The record reflects that Appellant attempted to raise, in the instant PCRA petition, the exception that the facts upon which his claim is

---

[2] We note that a petition for allowance of appeal needed to be filed with the Pennsylvania Supreme Court on or before Monday, June 30, 2003, because June 29, 2003 was a Sunday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). *See also* Pa.R.A.P. 107; Pa.R.A.P. 903, note.

predicated were unknown to Appellant, 42 Pa.C.S. § 9545(b)(1)(ii).

Regarding this exception, this Court has stated the following:

> In order to sustain an untimely PCRA petition under the after-discovered evidence exception, a petitioner must show that the evidence: (1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Johnson*, 841 A.2d 136, 140-141 (Pa. Super. 2003).

In addition, our Supreme Court explained that "the after-discovered facts exception focuses on **facts**, **not** on a newly discovered or newly willing source for previously known facts[.]" *Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (emphasis in original; internal quotation marks and citation omitted). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (concluding that alleging a new conduit for a previously known fact "does not transform [the] latest source into evidence falling within the ambit of § 9545(b)(1)(ii)") (citation omitted).

Instantly, Appellant claims that he is entitled to PCRA relief on the basis of after-discovered facts consisting of an affidavit he obtained from a fellow inmate, Shawn Sample, who allegedly witnessed the shooting of

Rorie.[3]   The PCRA court found no merit to Appellant's assertion and

addressed his claim as follows:

> After-discovered evidence can be the basis for a new trial if it 1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely to impeach the credibility of a witness; and 4) is of such nature and character that a different verdict will likely result if a new trial is granted. Commonwealth v. Williams, 537 Pa. 1, 25, 640 A.2d 1251, 1263 (1994).  The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Commonwealth v. Pagan, 597 Pa. 69, 106, 950 A.2d 270, 292 (2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 1378, 173 L.Ed.2d 633 (2009) (quoting Commonwealth v. Randolph, 582 Pa. 576, 587, 873 A.2d 1277, 1283 (2005), *cert. denied*, 547 U.S. 1058, 126 S.Ct. 1659, 164 L.Ed.2d 402 (2006)).
>
> However as an initial jurisdictional threshold, the first prong of the timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to allege and prove that he did not know the facts upon which he based his petition, and could not have learned those facts earlier by the exercise of due diligence.  Commonwealth v. Padillas, 2010 PA Super 108, ¶ 17, 997 A.2d 356, 364 (2010) citing Commonwealth v. Bennett, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007).  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.  Commonwealth v. Brown, 2015 PA Super 24 (Feb. 6, 2015) citing Commonwealth v. Breakiron, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa.Super.2010), appeal denied, 610 Pa. 607, 20 A.3d 1210 (2011).  This rule is strictly enforced.  Id.

---

[3] We note that, during the PCRA court's evidentiary hearing, under oath Shawn Sample disavowed large contents of the signed affidavit.  N.T., 9/15/14, at 44-66.

Due diligence demands that the petitioner take reasonable steps to protect his own interests. Commonwealth v. Carr, 768 A.2d 1164, 1168 (Pa.Super.2001). An Appellant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. Commonwealth v. Crawford, 285 Pa.Super. 169, 427 A.2d 166, 175 (1981). Likewise, an Appellant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence. Commonwealth v Chambers, 528 Pa. 558, 583, 599 A.2d 630, 642 (1991), cert. denied, 504 U.S. 946, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992).

Once jurisdiction has been established, a PCRA petitioner can present a substantive after-discovered-evidence claim. See 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). Brown, supra.

Here, the Appellant's judgment of sentence became final on June 30, 2003; therefore, he had a year from that date to file a timely petition, unless he plead and proved one of the three (3) statutory exceptions to the timeliness requirements. The instant Petition was filed on March 1[5], 2012, over eight (8) years past the timely date, however within 60 days of February 8, 2012, the date Appellant alleges that he first learned of the "after-discovered evidence". Appellant's reliance on Section 9543 as a basis for asserting an after-discovered evidence claim however, did not negate Appellant's initial obligation to establish jurisdiction by alleging and proving (1) the existence of facts that were unknown to him and (2) his exercise of due diligence in discovering those facts. See Bennett, supra. Appellant baldly asserted that "the facts upon which the claim was predicated were unknown ... and could not have been ascertained by further exercise of due diligence" without any further explanation or factual support. Consequently, as presented, Appellant failed to plead and prove in his Petition any exception to the PCRA's time-bar as required by 42 Pa.C.S.A. § 9545(b)(1)(ii).

Moreover, any information that could have surfaced from Sample after trial would not have met the burden of due diligence, as his presence at the scene of Rorie's Murder was established in statements which two (2) witnesses made to police prior to trial. The failure of Appellant to investigate Sample's knowledge at the time of trial waived Appellant's ability to call on Sample at this late juncture. In a statement to police on September 8, 1998, Gary Jones ("Jones") placed Sample at the scene of Rorie's death by explaining he was speaking to Sample prior to the shooting. (N.T. 9/15/14 at 26-28). Jones went on to describe that "Shawn's little brother is my cousin" and provided police with the intersection where Shawn lived. (N.T. 9/15/14 at 28) Malik Easley ("Easley") also placed Shawn at the scene in a statement to police on September 7, 1998. (N.T. 9/15/14 at 28). "My buddy named Shawn was sitting in a car . . . when the guy was shooting." (N.T. 9/15/14 at 30). Appellant knew of Sample and could have called him as a witness at the time of trial. Indeed at SCI Graterford, prior to February 8, 2012, Appellant showed Sample copies of the statements which placed Sample at the scene of the Murder in the underlying matter. [(N.T., 9/15/14 at 21-32)] This set of facts provides evidence that Appellant had been in possession of this information through discovery provided prior to the 2000 trial.

Appellant's PCRA Petition does not meet any exceptions to the time-bar of 42 Pa.C.S.A. § 9545(b), and is therefore untimely. Thus, this Court declines to address Appellant's claim of "after-discovered evidence" which it finds to be wholly frivolous.

PCRA Court Opinion, 3/16/15, at 7-10.

We agree with the PCRA court's analysis and likewise conclude that, even if Shawn Sample had not disavowed his affidavit under oath, the PCRA court did not err in finding that Appellant's instant PCRA petition is untimely and that no exception to the timeliness provision applies. Our review of the record reflects there was no obstruction to Appellant obtaining information about the night of the shooting from Shawn Sample prior to trial. The

- 9 -

information that Shawn Sample was present at the scene was a matter of public record as reports of interviews of other witnesses indicate his presence. Appellant does not offer an explanation regarding the failure to investigate Shawn Sample's knowledge of the incident in the years preceding the filing of the instant PCRA petition.

Accordingly, we conclude that Appellant has not established that he satisfied the sixty-day rule, and that the information he relied upon in filing his second PCRA petition could not have been obtained earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(2). Thus, the PCRA court correctly determined that it did not have jurisdiction to decide the merits of Appellant's petition, and the PCRA court did not err by denying relief.

In conclusion, because Appellant's second PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015